### Joseph A. Veazie *vs.* Lorenzo Marrett.

The time within which an action may be commenced against an administrator *de bonis non* is not extended, under Gen. Sts. c. 97, § 14, by his receiving property in settlement of a suit against a surety on the bond of his predecessor, for a failure to account for estate which had been inventoried.

Contract upon a promissory note, against the administrator *de bonis non* of the estate of Isaac Tufts. At the trial in the superior court, upon agreed facts, which are sufficiently stated in the opinion, judgment was rendered for the plaintiff, and the defendant appealed to this court.

*L. Marrett, pro se*, was not called upon.

*W. L. Burt & J. D. Ball*, for the plaintiff.

Hoar, J. The plaintiff's action was barred against the original administrator, not having been commenced within two years from the time that notice was given and a bond filed. Gen. Sts. *c.* 97, § 5. It is therefore, by § 12 of the same chapter, barred as against the administrator *de bonis non*, unless he is liable to an action by reason of new assets which have come to his hands, under the provisions of the 14th section.

But, upon the facts agreed, we think the defendant has no new assets. The original administrator included in the inventory all the estate of the intestate which has ever been discovered. For a part of the estate so inventoried he failed to account, and a suit was brought upon his bond. The property now in the hands of the defendant was received by him from a surety on the bond, in satisfaction of that suit. It is therefore merely the proceeds of the estate embraced in the first inventory, and belongs to the creditors or persons entitled to distribution of the estate not needed for the payment of debts and charges of administration when the plaintiff's claim was barred. The plaintiff had no interest in the estate of the intestate when the original administrator failed to account, and has therefore no interest in the proceeds of his official bond. The case is substantially settled by the decision in *Sturtevant* v. *Sturtevant*, 4 Allen, 122.  *Judgment for the defendant.*